UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CANDICE DAVIS,                                          Civil Action No.:

                Plaintiff,

-against-

JOHN TURIS ENTERPRISES INC.,
SUSAN MITTMAN REAL ESTATE INC.,
and JOHN TURIS,

                Defendants.
-----------------------------------------------------------------X

# COMPLAINT

Plaintiff, Candice Davis ("Plaintiff"), as and for her Complaint against Defendants, John Turis Enterprises Inc., Susan Mittman Real Estate Inc.., and John Turis ("Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as a clerical worker from on or about July 2005 to on or about January 30, 2017, at which time she was fired by John Turis.

6. Upon information and belief, Defendant, John Turis Enterprises Inc., is a domestic corporation duly formed and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, Defendant, Susan Mittman Real Estate Inc. ("Susan Mittman"), is a domestic corporation duly formed and existing under and by virtue of the laws of the State of New York.

8. Defendant, John Turis, is a resident of the State of New York.

9. Upon information and belief, John Turis Enterprises Inc. operates a financial services and tax preparation company located at 4713 Avenue N, Brooklyn, New York.

10. Upon information and belief, Susan Mittman operates a mortgage broker business located at 4713 Avenue N, Brooklyn, New York.

11. At all relevant times, John Turis was and still is a corporate officer of John Turis Enterprises Inc. Upon information and belief, at all times relevant, John Turis exercised operational control over John Turis Enterprises Inc., controlled significant business functions of John Turis Enterprises Inc., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of John Turis Enterprises Inc., in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at

all relevant times, John Turis has been an employer under the FLSA and the New York Wage and Hour Law.

12. At all relevant times, John Turis was and still is a corporate officer of Susan Mittman. Upon information and belief, at all times relevant, John Turis exercised operational control over Susan Mittman, controlled significant business functions of Susan Mittman, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Susan Mittman, in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, John Turis has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

13. During the last 6 years of her employment, Plaintiff performed clerical work and worked as a receptionist for corporate Defendants who shared office space with each other and were both owned by John Turis.

14. During this time, from January through April of each year, plaintiff worked 6 days each week – Monday through Saturday.

15. During this time, plaintiff's shift began at 9:00 a.m. each morning and ended at 7:00 p.m. each evening.

16. During this time, plaintiff worked 60 hours each week.

17. During this time, plaintiff was not given and did not take any meal breaks of more than 15 minutes.

18. During this time, plaintiff was paid by the hour.

19. During this time, plaintiff was paid by check for 40 hours and then in cash at her regular rate of pay for all hours worked in excess of 40.

20. During this time, plaintiff was not paid time and a half her regular rate of pay when she worked more than 40 hours each week.

21. During this time, plaintiff was not paid overtime compensation.

22. During the months of May, June, September, October, November, and December of each of the last 6 years of her employment, plaintiff worked 5 days a week – Monday through Friday.

23. During this time, plaintiff's shift began at 9:00 a.m. each morning and ended at 6:00 p.m. each evening.

24. During this time, plaintiff worked 45 hours each week.

25. During this time, plaintiff was not given and did not take any meal breaks of more than 15 minutes.

26. During this time, plaintiff was paid by the hour.

27. During this time, plaintiff was paid by check for 40 hours and then in cash at her regular rate of pay for all hours worked in excess of 40.

28. During this time, plaintiff was not paid time and a half her regular rate of pay when she worked more than 40 hours each week.

29. During this time, plaintiff was not paid overtime compensation.

30. During the months of July and August of each of the last 6 years of her employment, plaintiff did not work more than 40 hours during any week and, thus, does not make any claim for this time period.

31. During the last 6 years of her employment, plaintiff punched in each day when her shift began.

32. During the last 6 years of her employment, plaintiff punched out each day when her shift ended.

33. Upon information and belief, defendants shredded the time cards that show the hours plaintiff worked each day and each week during the last 6 years of her employment.

34. During her employment, defendants only paid plaintiff straight time for all the hours that she worked.

35. Defendants never paid plaintiff time and a half her regular rate of pay when she worked more than 40 hours each week.

36. Defendants never paid plaintiff overtime compensation when she worked more than 40 hours each week.

37. At no time did defendants give plaintiff a notice of acknowledgement of pay rate as required under the New York Labor Law.

38. At no time did defendants give plaintiff weekly pay stubs that properly set forth her hourly rate, overtime rate, and the number of hours that she worked each week.

39. During her employment, Defendants did not give plaintiff any wage notices.

40. John Turis hired Plaintiff.

41. John Turis fired Plaintiff.

42. John Turis supervised Plaintiff.

43. John Turis determined Plaintiff's schedule each week.

44. John Turis determined Plaintiff's rate of pay.

45. John Turis determined Plaintiff's daily job duties.

46. John Turis participated in running the daily operations of both John Turis Enterprises, Inc. and Susan Mittman during the last 6 years of Plaintiff's employment.

47. Plaintiff was not exempt from the overtime provisions of the FLSA or the NYLL.

48. During her employment, Defendants managed Plaintiff's employment, including the amount of overtime she worked.

49. Defendants devised, dictated, implemented, controlled, and supervised the wage and hour practices and policies relating to Plaintiff.

50. Defendants were aware of Plaintiff's work hours, but failed to pay her the full amount of wages to which she was entitled to for this work time under the law.

51. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

52. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

53. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

54. The corporate Defendants were and are subject to the overtime pay requirements of the FLSA because said Defendants are an enterprise engaged in commerce or in the production of goods for commerce.

55. Upon information and belief, the gross annual volume of sales made or business done by John Turis Enterprises Inc. for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

56. Upon information and belief, the gross annual volume of sales made or business done by Susan Mittman for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

57. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who performed clerical work for Defendants.

58. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

59. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

60. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

61. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

62. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

63. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

64. Defendants have not acted in good faith with respect to the conduct alleged herein.

65. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

66. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

68. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

69. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

70. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty hours a week for Defendants.

71. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because she has not met the requirements for any of the reduced number of exemptions available under New York law.

72. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

73. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
### NYLL Section 195(1) – Failure to Provide Wage Notices

74. Defendants willfully failed to furnish Plaintiff with wage notices during her employment, including the dates of her hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

75. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
### NYLL Section 195(3) – Failure to Provide Wage Statements

77. Defendants willfully failed to provide Plaintiff written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

78. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

79. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT V
## FLSA Retaliation Claim

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. That on or about January 30, 2017, plaintiff complained to John Turis that she needed to be paid overtime compensation for working hours in excess of 40 each week, especially during tax season.

82. That in response, John Turis fired plaintiff even though he acknowledged that she was entitled to overtime compensation.

83. That Defendants have clearly taken an adverse employment action against Plaintiff for participating in the protected activity of exercising her rights under the FLSA and seeking to be paid overtime compensation.

84. That there is a causal connection between this protected activity and such adverse employment action.

85. That Defendants' actions, as alleged herein, are based on a retaliatory motive.

86. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and

loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. section 216(b).

## COUNT VI
## NYLL Retaliation Claim

87. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

88. That on or about January 30, 2017, plaintiff complained to John Turis that she needed to be paid overtime compensation for working hours in excess of 40 each week, especially during tax season.

89. That in response, John Turis fired plaintiff even though he acknowledged that she was entitled to overtime compensation.

90. That Defendants have clearly taken an adverse employment action against Plaintiff for participating in the protected activity of exercising her rights under the NYLL and seeking to be paid overtime compensation.

91. That there is a causal connection between this protected activity and such adverse employment action.

92. That Defendants' actions, as alleged herein, are based on a retaliatory motive.

93. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a

sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and retaliating against her when she demanded overtime wages;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff and retaliating against her when she demanded overtime wages;

4. Willfully violated the applicable provisions of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action, liquidated damages under the FLSA and the NYLL, and statutory penalties under the NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
May 1, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106

# FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against **Susan Mittman Real Estate Inc., John Turis Enterprises, Inc., John Turis** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2. By signing and returning this consent form, I hereby designate Neil H. Greenberg & Associates, P.C., ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_Candice Davis_
Signature