# NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between JOHN TURIS ENTERPRISES INC., SUSAN MITTMAN REAL ESTATE INC., and JOHN TURIS, on the one hand, ("Defendants"), and CANDICE DAVIS, on her own behalf and on behalf of her heirs, executors, administrators, successors and assigns, on the other hand ("Plaintiff"). Plaintiff and Defendants are hereinafter collectively referred to as the "Parties".

WHEREAS, Defendants and Plaintiff are parties to a lawsuit in the United States District Court for the Eastern District of New York, entitled *Davis v. John Turis Enterprises, Inc. et al.*, 17 CV 2576 (FB) (CLP) (the "Civil Action");

WHEREAS the Defendants and the Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint or the Amended Complaint filed in the Civil Action; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1. In consideration for the payment of THIRTY THOUSAND DOLLARS ($30,000.00) ("the Settlement Payment") as set forth in paragraph 2 herein, Plaintiff hereby releases, waives and forever discharges Defendants, their affiliates, officers, directors, employees, attorneys, representatives, and individuals acting on their behalf (collectively, the "RELEASEES"), from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiff committed or omitted prior to the date of this Agreement and Release.

Defendants and their successors and assigns release, remise, acquit and forever discharge Plaintiff from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiff committed or omitted prior to the date of this Agreement and Release.

2. The Settlement Payment shall be delivered to the offices of Plaintiff's counsel, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758 and paid as follows:

    a. Within 30 days of the Court approving this Agreement and dismissing the Civil Action with prejudice, Defendants shall:

        i. Issue a check to Plaintiff Candice Davis in the amount of TEN THOUSAND DOLLARS ($10,000.00), made payable to "Candice Davis," less lawful deductions, constituting back pay for which Plaintiff shall receive an IRS W-2 tax form.

        ii. Issue a check to Plaintiff Candice Davis in the amount of TEN THOUSAND DOLLARS ($10,000.00), made payable to "Candace Davis," for which Plaintiff shall receive an IRS 1099 tax form with box #3 checked.

        iii. Issue a check to NEIL H. GREENBERG & ASSOCIATES, P.C. in the amount of TEN THOUSAND DOLLARS ($10,000.00), made payable to "Neil H. Greenberg & Associates, P.C." Defendants shall issue an IRS Form 1099 to Neil H. Greenberg & Associates, P.C. in connection with this payment.

3. On or about January 31, 2019, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form W-2 and a Form 1099 reflecting payment to the Plaintiff of that portion (if any) of the Settlement Payment which was received by her in the prior calendar year. Similarly, Neil H. Greenberg & Associates, P.C. shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form 1099 reflecting payment to Neil H. Greenberg & Associates, P.C. of that portion (if any) of the Settlement Payment which was received by it in the prior calendar year. Plaintiff and Neil H. Greenberg & Associates, P.C. shall be responsible to pay all Federal, State and local taxes in connection with that portion of the Settlement Payment which was received by them and agree to indemnify and hold Defendants harmless for any and all Federal, State and local taxes, interest and penalties that are due, may become due or are otherwise assessed against Plaintiff or Neil H. Greenberg & Associates, P.C. or the Defendants, by virtue of the payments described in paragraph 2 above, at any time, with the exception of Defendants' portion of FICA and FUTA, if any.

4. Plaintiff admits and acknowledges that she: (i) has had an opportunity to consult with an attorney and determine whether this settlement is reasonable and fully satisfies her claims against Defendants and executes this Agreement voluntarily; (ii) has been paid and received all bonuses, payments, commissions, severance and benefits to which she may be entitled from Defendants and that no leave (paid or unpaid) or other compensation is due to her as a result of the settlement of the Civil Action; (iii) understands that the consideration set forth in paragraphs 1 and 2 of this Agreement shall not be considered wages for purposes of pension or any other employment-related benefits; and (iv) understands she is not entitled to any other compensation, monies, relief or recovery whatsoever, except as set forth in paragraph 1 and 2 of this Agreement. The parties acknowledge that they have not relied on any representations, promises or agreements of any kind made in connection with their decision to sign this Negotiated Settlement Agreement, except for those set forth in this Negotiated Settlement Agreement.

5. Plaintiff shall not initiate contact with the media regarding this settlement nor shall Plaintiff initiate postings on social media regarding this Agreement, the Settlement Payment, or the settlement. If contacted about the settlement, Plaintiff's response shall be "no comment" or be limited solely to words to the following effect: "The matter has been resolved without any findings by the Court."

6. Plaintiff agrees that she will not directly or indirectly, individually or in concert with others, take any action or make any oral or written communication calculated or likely to have the effect of undermining, disparaging, or otherwise reflecting negatively upon the Defendants, including but not limited to Plaintiff's work and/or employment with Defendants. If any employer or prospective employer of Plaintiff seeks a reference or makes any other inquiry concerning her employment with Defendants, Defendants agree to only disclose the Plaintiff's dates of employment, last position held, and last rate of pay, if permitted by law. Nothing in this Agreement shall prevent Plaintiff from speaking truthfully about her experiences in litigating the Civil Action.

7. The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any duty or obligation that they may owe or may have owed to the Plaintiff.

3

8. Upon delivery to the Defendants of this fully executed Agreement, the Plaintiff shall deliver to Defendants' counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice and without costs or fees assessed against any party except as provided for in this Agreement. Plaintiff shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Civil Action with prejudice.

9. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of her FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraphs 1 and 2, is a fair and reasonable resolution to this *bona fide* dispute.

10. Plaintiff agrees that she will not at any time in the future knowingly seek employment with Defendants or Releasees and hereby waives any right that may accrue to her from any application for employment that she may make (whether knowingly or unknowingly), or any employment that he may receive, notwithstanding this Paragraph. By this Agreement, Plaintiff intends to remove herself from consideration for future employment with Defendants, and agrees that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiff may make for employment or to terminate any such employment she may obtain notwithstanding this Paragraph. Plaintiff acknowledges and agrees that she has no right to any reinstatement or re-employment by Defendants or Releasees at any time. If through mistake or inadvertence or otherwise, Plaintiff applies for employment with Defendants, then she shall withdraw her application immediately upon notice without any recourse, legal or otherwise, and to the extent that Plaintiff has already been hired, she will resign immediately upon notice without any recourse, legal or otherwise.

11. Enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

12. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

13. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

14. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

15. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

16. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders. This Agreement has been drafted jointly by all Parties, and therefore it shall not be construed strictly against any Party as the drafter.

17. This Agreement shall become effective upon its execution by all Parties. However, if the Court in this Civil Action refuses to approve this Agreement, the parties shall make all reasonable efforts to modify this Agreement to make it acceptable to the Court. If after conferring in good faith the parties are unable to do so, this Agreement shall become void and unenforceable. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be modified to be enforceable, the remainder of this Settlement Agreement shall remain in full force and effect.

18. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

19. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

20. This Agreement supersedes all prior agreements or understandings of any kind, whether oral or written, and represents the entire Agreement. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof

21. Plaintiff states that her attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

22. Plaintiff and Defendants agree that the Court shall retain enforcement jurisdiction to ensure the Parties' compliance with the terms and conditions of this Agreement and expressly consent to the jurisdiction of the Court for such purpose.

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & Release.

Plaintiff:

_____
CANDICE DAVIS

Defendants:

5

JOHN TURIS ENTERPRISES INC. By: John Turis, President

By: _____
SUSAN MITTMAN REAL ESTATE INC. By: John Turis, Chief Executive Officer

By: _____

_____
JOHN TURIS